**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| BASSIM MALIH, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCOTT LADWIG, New Orleans Field Office | ) | No. 2:26-cv-2150-SHL-cgc |
| Director of Immigration and Customs | ) | |
| Enforcement; U.S. Department of Homeland | ) | |
| Security, Enforcement and Removal | ) | |
| Operations; U.S. Immigration and Customs | ) | |
| Enforcement, | ) | |
|     Respondents. | ) | |

**ORDER REQUIRING ADDITIONAL INFORMATION**
**FROM PETITIONER AND ORDERING SERVICE**

On February 13, 2026, Petitioner Bassim Malih filed the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention in the West Tennessee Detention Facility as an "arriving alien" without a bond hearing. (ECF No. 1-3 at PageID 11.) However, Malih failed to provide sufficient facts in the Petition.

Petitioner's counsel has recently submitted a rash of petitions containing few facts. See, e.g., Cruz-Ruiz v. Harper, No. 26-cv-02092 (W.D. Tenn. filed Feb. 3, 2026). These bare petitions have required the Court repeatedly to request supplementation. The Court recognizes that the volume of immigration habeas cases has lately been prodigious. But a habeas petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (emphasis added); see also Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the

pleader is entitled to relief." (emphasis added)).  Note that the Rules Governing Section 2254

Cases—in addition to the Federal Rules of Civil Procedure, to the extent they are not inconsistent

with the habeas statute—apply equally to § 2241 habeas petitions such as this.  Williams v.

Holloway, No. 14-cv-02652, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).  Counsel

is cautioned to compose future petitions so that the Court may immediately ascertain the

plausibility of the request for relief.  Such efficient pleading conserves party and judicial

resources and avoids needless delay.

      Nevertheless, upon review of the Petition, it is **ORDERED** as follows:

      (1)    Malih shall **SUPPLEMENT the Petition** within **five days** of the entry of this

Order, providing a factual basis affirmatively showing why he should not be considered an

"arriving alien" under 8 U.S.C. § 1225.  He shall, also within **five days** of this Order, **serve one**

**copy each of (1) the Petition (ECF Nos. 1, 1-1, 1-2, 1-3), (2) his supplemental facts, and (3)**

**this Order (ECF No. 5)** on each Respondent, and ensure that copies are delivered to the United

States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, Malih shall serve the documents listed above on the United States Attorney for the

Western District of Tennessee electronically at the following email address:

**stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify

dismissal of the Petition.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with

these rules or a court order, a defendant may move to dismiss the action or any claim against it."

(emphasis added)).

      (2)    Within **five days** after Malih fully complies with the above service requirements,

Respondents shall respond to the petition for writ of habeas corpus in writing.

      (3)      Malih may file a reply within **two days** after Respondents' responsive filing.

      (4)      Respondents shall not transfer Petitioner Malih out of the West Tennessee

Detention Facility during the pendency of the Petition.

      **IT IS SO ORDERED,** this 13th day of February, 2026.

                      s/ Sheryl H. Lipman
                      SHERYL H. LIPMAN
                      CHIEF UNITED STATES DISTRICT JUDGE